LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
(516) 826-6500
Gary Herbst, Esq.
Nicholas C. Rigano, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

XIANG YONG GAO,

                          Debtor.
------------------------------------------------------------x
GREGORY MESSER, CHAPTER 7 TRUSTEE
OF THE ESTATE OF XIANG YONG GAO,

                          Plaintiff,

           -against-

LEGEND SUPERMARKET, INC., and GOLDEN
CORNER MARKET INC., THE CURRENT
SHAREHOLDERS OF LEGEND SUPERMARKET
INC., THE CURRENT SHAREHOLDERS OF
GOLDEN CORNER MARKET INC., JOHN DOE "1"
THROUGH "100", JANE DOE "1" THROUGH "100",
JOHN DOE CORPORATIONS "1" THROUGH "100",
and OTHER JOHN DOE ENTITIES "1" THROUGH
"100",

                          Defendants.
------------------------------------------------------------x

Chapter 7
Case No. 14-42722-NHL

Adv. Pro. No.:

**COMPLAINT**

      Gregory Messer, Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the estate of Xiang

Yong Gao (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, as and for his

complaint (the "Complaint") against defendant Legend Supermarket, Inc. ("Legend"), defendant

Golden Corner Market Inc. ("Golden"), the current shareholders of Defendant Legend (the

"Legend Shareholders"), the current shareholders of Defendant Golden (the "Golden

Shareholders", and together with the Legend Shareholders, the "Shareholders" and the

Shareholders collectively with Legend and Golden, the "<u>Defendants</u>") and John Doe "1" Through "100", Jane Doe "1" Through "100", John Doe Corporations "1" Through "100", And Other John Doe Entities "1" Through "100" (the "<u>Unnamed Defendants</u>"), alleges as follows:

## NATURE OF THE ACTION

1.      This adversary proceeding is brought by the Trustee for judgment: (i) declaring that the Debtor holds valid and enforceable equity interest in Defendants Legend and Golden, (ii) declaring such equity interests are property of the Debtor's estate, (iii) declaring the nature, extent and value of the Debtor's equity interest in Defendants Legend and Golden, (iv) declaring Defendant Golden is the alter ego of Defendant Legend, (v) the avoidance and recovery of the transfer of the Debtor's equity interest in Defendants Legend and Golden to the Shareholders and/or the Unnamed Defendants, and (vi) injunctive relief to protect the Debtor's estate's interest in the assets and/or equity of Defendants Legend and Golden.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3.      The predicates for the relief sought herein include 11 U.S.C. §§ 105(a), 323, 542, 544, 548, 549, 550, 551, 28 U.S.C. 2201(a), the equitable powers of this Court, and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure

4.      Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5.      This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), (E), (H), (K), and (O).

## THE PARTIES

6.      The Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

7.      The Debtor is an individual who, upon information and belief, resides 145-41 Willets Pt. Bl., Whitestone, New York 11357 and/or 2574 West 17th Street, 1st Floor, Brooklyn, New York 11214.

8.      Defendant Legend is a corporation with a principal place of business at 1811 86th Street, Brooklyn, New York 11214.

9.      Defendant Legend was formed by Debtor in 2001.

10.     Defendant Legend is an operating supermarket.

11.     Defendant Golden is a corporation with a principal place of business at 1811 86th Street, Brooklyn, New York 11214.

12.     Upon information and belief, Defendant Golden was formed by Debtor in 2013.

13.     Upon information and belief, Defendant Golden is either a shell company or operates Defendant Legend's business.

14.     The Unnamed Defendants are: (i) the shareholders of Defendant Legend and Defendant Golden, (ii) the transferees of the Debtor's equity interest in Defendant Legend and/or Defendant Golden, and/or (iii) the transferees of Defendants Legend's and/or Golden's assets.

## PROCEDURAL AND FACTUAL HISTORY

### A.      The Debtor's Bankruptcy Filing

15.     On May 28, 2014 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

16.     By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, Gregory Messer was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, Gregory Messer became the permanent trustee of the Debtor's estate.

17.    On July 10, 2014, the Bankruptcy Court for the Eastern District of New York entered the *Order Directing the Production of Documents by, and Oral Examination of, the Debtor Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* in the Debtor's case (the "2004 Order") [Case No. 14-42722 (NHL), Dkt. No. 22].

18.    On July 14, 2014, the Trustee, through his counsel, served a subpoena on the Debtor pursuant to the 2004 Order (the "Subpoena").

19.    On August 22, 2014, Trustee's counsel examined the Debtor under oath pursuant to the Subpoena and 2004 Order (the "2004 Examination").

**B.    The Pre-Petition Litigation**

20.    On December 8, 2010, Jyh Shyi Wang, Zhi Chun Liu and Tao Zhang (the "Litigation Creditors") commenced a litigation in the Texas Judicial Court for Harris County (the "Texas Court"), Case No. 2010-8037, against the Debtor, Xiang Jiang Gao ("Jiang"), the Debtor's brother and business partner, and other parties for, among other things, fraud and breach of fiduciary duty in connection with their operation and sale of a supermarket named Best Fresh Inc. (the "Litigation").

21.    On December 16, 2014, the Litigation resulted in the Texas Court entering a Final Judgment against the Debtor, among others, in the approximate amount of $1.8 million (the "Judgment").

22.    Of the $1.8 million Judgment entered against the Debtor, Jiang is jointly and severally liable for approximately $800,000.00.

23.    Each of the Litigation Creditors have filed proofs of claim against the Debtor's estate for amounts owing by the Debtor under the Judgment.

24.     Jiang is the subject of an involuntary bankruptcy petition commenced by the Litigation Creditors on April 26, 2016 under case number 16-41769 (NHL) before this Court.

25.     The Judgment remains unsatisfied as against the Debtor and Jiang to date.

**C.    The Debtor's Interest in Defendant Legend**

26.     According to the New York Secretary of State website, the Debtor formed Defendant Legend on January 26, 2001.

27.     During all relevant times, Defendant Legend operated a Chinese supermarket at 1811 86th Street Brooklyn, New York (the "Premises").

28.     According to the Debtor's 2004 Examination testimony, from 2001 forward, the Debtor was an officer of Defendant Legend.

29.     According to the Debtor's 2004 Examination testimony, from 2001 forward, the Debtor was a director of Defendant Legend.

30.     According to the Debtor's 2004 Examination testimony, from 2001 forward, the Debtor controlled Defendant Legend.

31.     According to the Debtor's 2004 Examination, from 2001 forward, the Debtor held equity in Defendant Legend.

32.     The Debtor produced Defendant Legend's 2011, 2012 and 2013 tax returns to the Trustee.

33.     Defendant Legend's tax returns provide that the Debtor maintained an equity interest of no less than 33.34% in Defendant Legend in 2011, 2012 and 2013.

34.     Based upon the Debtor's Petition, Schedules and documents obtained by the Trustee, the Debtor continues to maintain an equity interest in Defendant Legend.

35.     Defendant Legend's tax returns reveal that Jiang, the Debtor's brother, maintained an equity interest of 33.33% in Defendant Legend.

36.     Defendant Legend's tax returns reveal that Jiang was the Vice President of Defendant Legend during all relevant times.

**D.     The Debtor's Misleading and False Oaths Regarding His Equity Interest in the Supermarket Located at the Premises**

37.     Throughout this bankruptcy proceeding, the Debtor has made numerous material false oaths relating to property of the Debtor's estate causing the Trustee to, among other things, object to the Debtor's discharge on the basis that the Debtor made such false oaths.

38.     During his 2004 Examination, the Debtor testified under oath, that as of the Petition Date, Defendant Legend did not have assets.

39.     During his 2004 Examination, the Debtor testified under oath, that Defendant Legend has had no inventory since June 2013.

40.     On Schedule B of the Debtor's bankruptcy schedules, the Debtor represented under penalty of perjury that Defendant Legend shut down its operations and closed.

41.     During his 2004 Examination, the Debtor testified under oath that Defendant Legend closed its supermarket in "May or June of [2013]."

42.     During his 2004 Examination, the Debtor testified under oath that, as of the Petition Date, Defendant Golden operates the Chinese supermarket at Legend Supermarket's Premises.

43.     During his 2004 Examination, the Debtor testified under oath, that as of the Petition Date, he is an employee of Defendant Golden.

44.     On Schedule I of the Debtor's bankruptcy schedules, the Debtor represents that, as of the Petition Date, he is a "vegetable worker" for Defendant Golden

45.    On Schedule I of the Debtor's bankruptcy schedules, the Debtor represents that the Debtor has been a "vegetable worker" for Defendant Corner for eight (8) months and makes $1,500 per month.

46.    During his 2004 Examination, the Debtor testified under oath, that his "friend" owns and operates Defendant Golden's supermarket located at the Premises.

47.    During his 2004 Examination, the Debtor testified under oath, that he is unsure of the name of his "friend" that owns and operates Defendant Golden's supermarket at the Premises.

**E.    The Trustee's Investigation Has Revealed That the Debtor has Made False Oaths to Preclude the Trustee from Controlling and Liquidating the Supermarket**

48.    Since the Debtor's 2004 Examination, the Trustee has conducted an investigation into the Debtor's interest in the supermarket located at the Premises.

49.    The Trustee's investigation has revealed that from the Petition Date through the present a Chinese supermarket has operated, and continues to operate, at the Premises.

50.    The New York Secretary of State website currently lists Defendant Legend as an active entity located at 1811 86th Street Brooklyn, New York.

51.    The New York Secretary of State website currently lists the Debtor as the Chief Executive Officer of Defendant Legend.

52.    The awning of the Chinese supermarket located at the Premises reads "Legend Supermarket."

53.    As of May 25, 2016, the Yelp.com page for "Legend Supermarket" located at the Premises is active.

54.    As of May 25, 2016, a Yelp.com page for "Golden Corner Market" does not exist.

55.    According to the Cathay Bank account opening application for Defendant Golden, Jiang, the Debtor's brother and business partner, is a principal of Defendant Golden.

       i.       **Within One (1) Year of the Petition Date, the Debtor Executed a Long
Term Lease on Behalf of Legend Supermarket**

56.      According to the Debtor's Schedule G, on July 12, 2013, within one year of the
Petition Date and, according to the Debtor's testimony, after Defendant Legend's supermarket
allegedly closed, the Debtor, on behalf of Defendant Legend as tenant, entered into a commercial
lease (the "<u>Lease</u>") with Cardo New York LLC, as landlord (the "<u>Landlord</u>").

57.      The Lease term expires on September 30, 2021.

58.      By the Lease, Defendant Legend is authorized to continue to operate its
supermarket business located at the Premises.

59.      Since entering into the Lease, Defendant Legend has continuously paid rend to the
Landlord.

60.      Defendant Legend issued a check from a HSBC bank account in its name dated
May 29, 2014, the day after the Petition Date, payable to the Landlord in the amount of $18,000.00
(the "<u>May 29, 2014 Rent Check</u>").

61.      The memo on the May 29, 2014 Rent Check states "~~Golden Corner~~ June 14 Rent."

62.      The address for Defendant Legend listed on the May 29, 2014 Rent Check is 1811
86th Street, Brooklyn, New York.

63.      Defendant Legend issued a check from a HSBC bank account in its name dated
June 26, 2014, approximately one month after the Petition Date, payable to the Landlord in the
amount of $18,000.00 (the "<u>June 26, 2014 Rent Check</u>").

64.      The memo on the June 26, 2014 Rent Check states "Rent."

65.      The address for Defendant Legend listed on the June 26, 2014 Rent Check is 1811
86th Street, Brooklyn, New York.

66.    Defendant Golden issued a check from a Cathay bank account in its name dated July 23, 2014, approximately two months after the Petition Date, payable to the Landlord in the amount of $18,000.00 (the "July 23, 2014 Rent Check").

67.    The memo on the July 23, 2014 Rent Check states "Rent."

68.    The address for Defendant Golden listed on the July 23, 2014 Rent Check is 1811 86th Street, Brooklyn, New York.

69.    Defendant Legend issued a check from a HSBC bank account in its name dated August 28, 2014, approximately three months after the Petition Date, payable to the Landlord in the amount of $18,000.00 (the "August 28, 2014 Rent Check").

70.    The memo on the August 28, 2014 Rent Check states "Rent (September, 2014)."

71.    The address for Defendant Legend listed on the August 28, 2014 Rent Check is 1811 86th Street, Brooklyn, New York.

72.    Defendant Legend issued a check from a HSBC bank account in its name dated September 30, 2014, approximately four months after the Petition Date, payable to the Landlord in the amount of $18,540.00 (the "September 30, 2014 Rent Check").

73.    The memo on the September 30, 2014 Rent Check states "Rent October."

74.    The address for Defendant Legend listed on the September 30, 2014 Rent Check is 1811 86th Street, Brooklyn, New York.

75.    Defendant Legend issued a check from a HSBC bank account in its name dated October 27, 2014, approximately five months after the Petition Date, payable to the Landlord in the amount of $18,540.00 (the "October 27, 2014 Rent Check").

76.    The memo on the October 27, 2014 Rent Check states "Rent (November)."

77.    The address for Defendant Legend listed on the October 27, 2014 Rent Check is 1811 86th Street, Brooklyn, New York.

78.    Defendant Legend issued a check from a HSBC bank account in its name dated November 30, 2014, approximately six months after the Petition Date, payable to the Landlord in the amount of $18,500.00 (the "November 30, 2014 Rent Check" and together with the May 29, 2014 Rent Check, June 26, 2014 Rent Check, July 23, 2014 Rent Check, August 28, 2014 Rent Check, September 30, 2014 Rent Check, October 27, 2014 Rent Check, the "Rent Checks").

79.    The memo on the November 30, 2014 Rent Check states "Rent December 2014."

80.    The address for Defendant Legend listed on the November 30, 2014 Rent Check is 1811 86th Street, Brooklyn, New York.

81.    Each Rent Check, including the July 23, 2014 Rent Check issued by Defendant Golden, bears an identical signature.

82.    Upon information and belief, the Debtor signed each Rent Check.

83.    Upon information and belief, since December 5, 2014 forward, the Debtor continues to sign all rent checks on behalf of Defendant Legend for the benefit of Cardo New York LLC.

### ii.    The Post-Petition Liquor License Application Submitted by the Debtor on Behalf of Defendant Legend

84.    On June 27, 2014, *while this bankruptcy was pending* and, according to the Debtor's testimony, after Defendant Legend's supermarket allegedly closed, the Debtor, on behalf of Defendant Legend, filed an application to renew Defendant Legend's liquor license with the New York State Liquor Authority (the "Post-Petition Liquor License Application").

85.    The Post-Petition Liquor License Application was executed by the Debtor.

10

86.     The Post-Petition Liquor License Application was not signed by any other individual.

**F.      The Debtor's Transfer of Defendant Legend's Assets and/or the Debtor's Equity Interest in Defendants Legend**

87.     Based on the foregoing, (i) the Debtor's interest in Defendant Legend is property of the Debtor's estate, and (ii) Defendant Golden is the alter ego of Defendant Legend.

88.     In the alternative, upon information and belief, (i) the Debtor improperly transferred the assets of Defendant Legend to Defendant Golden while the Pre-Petition Litigation was pending and/or after the Petition Date for less than reasonably equivalent value or fair consideration (the "Asset Transfer"); and/or (ii) the Debtor improperly transferred his equity interest in Defendant Legend to a Shareholder or Unnamed Defendant while the Pre-Petition Litigation was pending and/or after the Petition Date for less than reasonably equivalent value or fair consideration (the "Equity Transfer").

**FIRST CAUSE OF ACTION**
**(Property of the Estate against Defendants)**

89.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "88" as if set forth fully herein.

90.     The Debtor has legal and equitable interests in Defendant Legend and Defendant Golden.

91.     The Debtor's legal and equitable interests in the Defendant Legend and Defendant Golden are properties of the estate.

92.     There is no adequate remedy for the relief sought at law.

93.     Plaintiff seeks the declaration that the estate holds a legal and equitable interest in Defendant Legend and Defendant Golden.

94.     By reason of the foregoing, the Plaintiff is entitled to the entry of an Order and judgment against the Defendants, under sections 541 and 542 of the Bankruptcy Code and 28 U.S.C. § 2201(a) for declarations: (a) that the Debtor's equity interests in Defendant Legend and Defendant Golden are valid and enforceable; (b) of the amount, nature and value of the Debtor's equity interests in Defendant Legend and Defendant Golden; and (c) that such equity interests are property of the Debtor's estate.

**SECOND CLAIM FOR RELIEF**
**<u>(Accounting Pursuant to 11 U.S.C. § 542(a) against Defendants)</u>**

95.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "94" as if fully set forth herein.

96.     The Debtor has legal and equitable interests in Defendant Legend and Defendant Golden.

97.     The Debtor's legal and equitable interests in the Defendant Legend and Defendant Golden are properties of the estate pursuant to section 541 of the Bankruptcy Code.

98.     The value of the Debtor's equity interests in Defendant Legend and Defendant Golden are valuable, but unknown.

99.     The Debtor's equity interests in Defendant Legend and Defendant Golden are not subject to an exemption under applicable state law or the Bankruptcy Code.

100.    By reason of the foregoing, Plaintiff is entitled to an accounting of the operations, assets, liabilities, revenues, expenses, profit and cash flow of the Defendant Legend and Defendant Golden to enable Plaintiff to evaluate the amount, nature and value of the Debtor's equity interests.

## THIRD CLAIM FOR RELIEF
### (Equitable Interest against Defendants)

101.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "100" as if set forth fully herein.

102.    In the alternative, the Debtor dissolved, or is in the process of dissolving Defendant Legend and has re-opened or will re-open Defendant Legend's supermarket business under Defendant Golden's name.

103.    Defendant Golden operates at the same address as Defendant Legend.

104.    Both Defendant Legend and Defendant Golden are supermarkets.

105.    The Debtor controls Defendant Legend or controlled Defendant Legend prior to its dissolution.

106.    Upon information and belief, the Debtor controls Defendant Golden.

107.    Upon information and belief, the Debtor formed Defendant Golden.

108.    Upon information and belief, the Debtor formed Defendant Golden for the sole purpose of transferring his equity interest in Defendant Legend to Defendant Golden to avoid his obligations to his creditors.

109.    Upon information and belief, the Debtor's actions were motivated by bad faith, and in furtherance of the Debtor's intention to defraud his creditors.

110.    There is no adequate remedy for the relief sought at law.

111.    Plaintiff seeks the declaration that the estate holds a legal and equitable interest in Defendant Golden and imposing an equitable lien upon Defendant Golden.

112.    Under 28 U.S.C. § 2201(a), the Plaintiff is entitled to a judgment against Defendant Legend and Defendant Golden declaring that as of the Petition Date the Debtor was the legal and equitable owner of Defendant Legend and Defendant Golden and imposing a legal and equitable

13

lien upon Defendant Legend and Defendant Golden for the benefit of the creditors of the Debtor's estate.

## FOURTH CLAIM FOR RELIEF
### (Alter Ego against Defendants)

113.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "112" as if set forth fully herein.

114.    From the date that Defendant Legend was formed in 2001 through the present, the Debtor has exercised complete control and domination of the finances, policy and business practices of Defendant Legend.

115.    Upon information and belief, from the date that Defendant Golden was formed in 2013 through the present, the Debtor has exercised complete control and domination of the finances, policy and business practices of Defendant Golden.

116.    The Debtor has been an officer, director and shareholder of Defendant Legend since its formation in 2001.

117.    Upon information and belief, the Debtor has been an officer, director and shareholder of Defendant Golden since its formation in 2013.

118.    Defendant Legend and Defendant Golden share the same address.

119.    Defendant Legend and Defendant Golden are both supermarkets.

120.    Upon information and belief, Defendant Legend and Defendant Golden have the same officers, directors and equity holders.

121.    Upon information and belief, Defendant Legend and Defendant Golden do not maintain corporate formalities.

122.    Upon information and belief, Defendant Legend and Defendant Golden treat property of each other's as their own.

123.    Upon information and belief, Defendant Legend and Defendant Golden pay each other's debts without receiving any consideration in return.

124.    Defendant Legend and Defendant Golden have no separate mind, will or existence.

125.    Defendant Legend and Defendant Golden operated as the alter ego of one another and their corporate separateness should be disregarded.

126.    By reason of the foregoing, Plaintiff is entitled to an order and judgment declaring that Defendant Golden is the alter ego of Defendant Legend.

**FIFTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to**
**11 U.S.C. §§ 548(a)(1)(A) and 550 against Defendant Golden, the Golden Shareholders and**
**the Unnamed Defendants)**

127.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "126" as if fully set forth herein.

128.    The Debtor made the Asset Transfer within two (2) years of the Petition Date.

129.    By the Asset Transfer, the Debtor transferred an interest of the Debtor in property.

130.    The Debtor made the Asset Transfer with actual intent to hinder, delay or defraud at least one entity to which the Debtor was, at the time of the Asset Transfer, or became, after the Asset Transfer, indebted.

131.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 542, 548, 550 and 551, Plaintiff is entitled to a judgment against Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants: (i) avoiding the Asset Transfer; and (ii) in an amount of the Asset Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

**SIXTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to**
**11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(I) and 550 against Defendant Golden, the Golden**
**Shareholders and the Unnamed Defendants)**

132.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "131" as if fully set forth herein.

133.     The Asset Transfer was made within two (2) years of the Petition Date.

134.     By the Asset Transfer, the Debtor transferred an interest of the Debtor in property.

135.     The Asset Transfer was made for less than reasonably equivalent value.

136.     The Debtor was insolvent at the time of the Asset Transfer or became insolvent as a result of the Asset Transfer.

137.     By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, Plaintiff is entitled to a judgment against Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants: (i) avoiding the Asset Transfer; and (ii) in an amount of the Asset Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

**SEVENTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to**
**11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(II) and 550 against Defendant Golden, the Golden**
**Shareholders and the Unnamed Defendants)**

138.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "137" as if fully set forth herein.

139.     The Asset Transfer was made within two (2) years of the Petition Date.

140.     By the Asset Transfer, the Debtor transferred an interest of the Debtor in property.

141.     The Asset Transfer was made for less than reasonably equivalent value.

142.    At the time the Asset Transfer was made, the Debtor was engaged or was about to engage in business for which any property remaining with the Debtor was unreasonably small capital.

143.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, Plaintiff is entitled to a judgment against the Defendant: (i) avoiding the Asset Transfer; and (ii) in an amount of the Asset Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

## EIGHTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to
### 11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(III) and 550 against Defendant Golden, the Golden Shareholders and the Unnamed Defendants)

144.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "143" as if fully set forth herein.

145.    The Asset Transfer were made within two (2) years of the Petition Date.

146.    By the Asset Transfer, the Debtor transferred an interest of the Debtor in property.

147.    The Asset Transfer was made for less than reasonably equivalent value.

148.    At the time of the Asset Transfer, the Debtor intended to incur or believed that he would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

149.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, Plaintiff is entitled to a judgment against Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants: (i) avoiding the Asset Transfer; and (ii) in an amount of the Asset Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

## NINTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
### and 550 and New York Debtor and Creditor Law §273-a against Defendant Golden, the
### Golden Shareholders and the Unnamed Defendants)

150.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "149" as if fully set forth herein.

151.     On December 8, 2010, the Litigation Creditors commenced the Litigation.

152.     The Litigation resulted in a jury verdict rendered pre-petition against the Debtor whereby the jury found the Debtor liable to the plaintiffs in the approximate amount of $1.8 million.

153.     On December 16, 2014, the Texas Court entered the Judgment.

154.     Each of the Litigation Creditors have filed proofs of claim against the Debtor's estate for amounts owing by the Debtor under the Judgment.

155.     The Judgment remains unsatisfied to date.

156.     The Debtor has not satisfied any amounts owed to the Litigation Creditors.

157.     The Debtor made the Asset Transfer while the Litigation was pending.

158.     The Shareholders and Unnamed Defendants did not provide fair consideration for the Asset Transfer.

159.     The Debtor did not receive fair consideration for the Asset Transfer.

160.     The Asset Transfer constitutes fraudulent conveyances in violation of New York State Debtor and Creditor Law § 273-a.

161.     Under Bankruptcy Code §§ 544(b) and 550 and New York State Debtor and Creditor Law § 273-a, the Plaintiff may avoid the Asset Transfer.

162.     By reason of the foregoing, pursuant to Bankruptcy Code §§ 542, 544, 550 and 551 and New York State Debtor and Creditor Law §273-a, the Plaintiff is entitled to judgment against

18

Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants: (i) avoiding the Asset Transfer; and (ii) in an amount of the Asset Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

**TENTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)**
**and 550 and New York Debtor and Creditor Law §273 against Defendant Golden, the**
**<u>Golden Shareholders and the Unnamed Defendants)</u>**

163.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "162" as if fully set forth herein.

164.    Within six years of the Petition Date, the Debtor made the Asset Transfer of property to, or for the benefit of, the Shareholders and/or the Unnamed Defendants.

165.    The Asset Transfer was made while the Debtor was insolvent.

166.    The Debtor did not receive fair consideration for the Asset Transfer.

167.    The Asset Transfer constitutes a fraudulent conveyance in violation of New York State Debtor and Creditor Law § 273.

168.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law §273, Plaintiff is entitled to a judgment against Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants: (i) avoiding the Asset Transfer; and (ii) in an amount of the Asset Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

## ELEVENTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b), 550 and 551 and New York Debtor and Creditor Law § 274 against Defendant Golden, the Golden Shareholders and the Unnamed Defendants)

169.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "168" as if fully set forth herein.

170.     Within six years of the Petition Date, the Debtor made the Asset Transfer of property to the Shareholders and/or the Unnamed Defendants.

171.     At the time of the Asset Transfer to Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in the possession of the Debtor after the Asset Transfer was unreasonably small capital.

172.     The Debtor did not receive fair consideration for the Asset Transfer.

173.     The Asset Transfer constitutes a fraudulent conveyance in violation of New York State Debtor and Creditor Law § 274.

174.     By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law §274, Plaintiff is entitled to a judgment against Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants: (i) avoiding the Asset Transfer; and (ii) in an amount of the Asset Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

**TWELFTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b),**
**550 and 551 and New York Debtor and Creditor Law § 275 against Defendant Golden, the**
<u>**Golden Shareholders and the Unnamed Defendants)**</u>

175.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "174" as if fully set forth herein.

176.     Within six years of the Petition Date, the Debtor made the Asset Transfer of property to Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants.

177.     At the time of the Asset Transfer, the Debtor intended to, or believed that he would, incur debts beyond his ability to pay as they matured.

178.     The Debtor did not receive fair consideration for the Asset Transfer.

179.     The Asset Transfer constitutes a fraudulent conveyance in violation of New York Debtor and Creditor Law § 275.

180.     By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law § 275, Plaintiff may avoid each of the Asset Transfer and is entitled to a judgment against Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants: (i) avoiding the Asset Transfer; and (ii) in an amount of the Asset Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

**THIRTEENTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b),**
**550 and 551 and New York Debtor and Creditor Law § 276 against Defendant Golden, the**
<u>**Golden Shareholders and the Unnamed Defendants)**</u>

181.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "180" as if fully set forth herein.

182.    Within six years of the Petition Date, the Debtor made the Asset Transfer of property to Defendant.

183.    The Debtor made the Asset Transfer to Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants with actual intent to hinder, delay or defraud the Debtor's creditors.

184.    The Asset Transfer constitutes a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

185.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law § 276, Plaintiff may avoid the Asset Transfer and is entitled to a judgment against Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants: (i) avoiding the Asset Transfer; and (ii) in an amount of the Asset Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

### FOURTEENTH CLAIM FOR RELIEF
#### (Attorneys Fees Pursuant to 11 U.S.C. §§ 544(b),
#### 550 and 551 and New York Debtor and Creditor Law § 276-a against Defendant Golden,
#### the Golden Shareholders and the Unnamed Defendants)

186.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "185" as if set forth fully herein.

187.    The Asset Transfer was made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

188.    The Asset Transfer was received by Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

189.    The Asset Transfer constitutes a fraudulent transfer of the Debtor's assets in violation of New York State Debtor and Creditor Law § 276.

190.    By reason of the foregoing, the Plaintiff is entitled to a judgment against the Shareholders and/or the Unnamed Defendants, under New York State Debtor and Creditor Law § 276-a, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

### FIFTEENTH CLAIM FOR RELIEF
**(Unauthorized Post-Petition Transfer Pursuant to 11 U.S.C. §§ 549, 550 and 551 against Defendant Golden, the Golden Shareholders and the Unnamed Defendants)**

191.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "190" as if set forth fully herein.

192.    Upon information and belief, the Debtor made the Asset Transfer after the Petition Date (the "Post-Petition Asset Transfer").

193.    The Shareholders and/or the Unnamed Defendants are the individual and/or entity for whose benefit the Post-Petition Asset Transfer was made.

194.    The Post-Petition Asset Transfer was to the detriment of the Debtor's unsecured creditors, including the Litigation Creditors.

195.    The Post-Petition Asset Transfer was not authorized under section 303(f) or 542(c) of the Bankruptcy Code.

196.    The Post-Petition Asset Transfer was not authorized by the Bankruptcy Code.

197.    The Post-Petition Asset Transfer was not authorized by the Court.

198.    The Post-Petition Asset Transfer is an unauthorized post-petition transfer pursuant to section 549 of the Bankruptcy Code.

199.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 549, 550 and 551, Plaintiff is entitled to a judgment against Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants: (i) avoiding the Asset Transfer; and (ii) in an amount of the Asset Transfer,

or other transfers revealed through discovery, plus interest thereon from the date of the complaint,

attorneys fees and costs, and such other amount as may be determined by the Court.

### SIXTEENTH CLAIM FOR RELIEF
### (Unjust Enrichment against Defendant Golden, the Golden Shareholders
### and the Unnamed Defendants)

200.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through

"199" as if fully set forth herein.

201.    Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants

received or obtained the benefit of the Asset Transfer from the Debtor.

202.    Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants did

not provide the Debtor with consideration in exchange for the Asset Transfer.

203.    Defendant Golden, the Golden Shareholders and/or the Unnamed Defendants failed

to return the Asset Transfer to the Plaintiff or the Debtor.

204.    It would be unjust to allow Defendant Golden, the Golden Shareholders and/or the

Unnamed Defendants to retain the Asset Transfer because Defendant Golden, the Golden

Shareholders and/or the Unnamed Defendants did not provide consideration to the Debtor in

exchange for the Asset Transfer.

205.    By reason of the foregoing, the Plaintiff is entitled to an award against Defendant

Golden, the Golden Shareholders and/or the Unnamed Defendants in an amount to be determined

at trial, which amount is not less than the amount and value of the Asset Transfer, plus interest

thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may

be determined by the Court.

## SEVENTEENTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to
### 11 U.S.C. §§ 548(a)(1)(A) and 550 against the Shareholders and Unnamed Defendants)

206.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "205" as if fully set forth herein.

207.    The Debtor made the Equity Transfer within two (2) years of the Petition Date.

208.    By the Equity Transfer, the Debtor transferred an interest of the Debtor in property.

209.    The Debtor made the Equity Transfer with actual intent to hinder, delay or defraud at least one entity to which the Debtor was, at the time of the Equity Transfer, or became, after the Equity Transfer, indebted.

210.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 542, 548, 550 and 551, Plaintiff is entitled to a judgment against the Shareholders and/or Unnamed Defendants: (i) avoiding the Equity Transfer; and (ii) in an amount of the Equity Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

## EIGHTEENTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to
### 11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(I) and 550 against the Shareholders
### and Unnamed Defendants)

211.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "210" as if fully set forth herein.

212.    The Equity Transfer was made within two (2) years of the Petition Date.

213.    By the Equity Transfer, the Debtor transferred an interest of the Debtor in property.

214.    The Equity Transfer was made for less than reasonably equivalent value.

215.    The Debtor was insolvent at the time of the Equity Transfer or became insolvent as a result of the Equity Transfer.

216.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, Plaintiff is entitled to a judgment against the Shareholders and/or Unnamed Defendants: (i) avoiding the Equity Transfer; and (ii) in an amount of the Equity Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

### NINTEENTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to
### 11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(II) and 550 against the Shareholders
### and Unnamed Defendants)

217.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "216" as if fully set forth herein.

218.    The Equity Transfer was made within two (2) years of the Petition Date.

219.    By the Equity Transfer, the Debtor transferred an interest of the Debtor in property.

220.    The Equity Transfer was made for less than reasonably equivalent value.

221.    At the time the Equity Transfer was made, the Debtor was engaged or was about to engage in business for which any property remaining with the Debtor was unreasonably small capital.

222.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, Plaintiff is entitled to a judgment against the Defendant: (i) avoiding the Equity Transfer; and (ii) in an amount of the Equity Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

## TWENTIETH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to
### 11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(III) and 550 against the Shareholders
### and Unnamed Defendants)

223.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "222" as if fully set forth herein.

224.     The Equity Transfer were made within two (2) years of the Petition Date.

225.     By the Equity Transfer, the Debtor transferred an interest of the Debtor in property.

226.     The Equity Transfer was made for less than reasonably equivalent value.

227.     At the time of the Equity Transfer, the Debtor intended to incur or believed that he would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

228.     By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, Plaintiff is entitled to a judgment against the Shareholders and/or Unnamed Defendants: (i) avoiding the Equity Transfer; and (ii) in an amount of the Equity Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

## TWENTY-FIRST CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
### and 550 and New York Debtor and Creditor Law §273-a against the Shareholders
### and Unnamed Defendants)

229.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "228" as if fully set forth herein.

230.     On December 8, 2010, the Litigation Creditors commenced the Litigation.

231.     The Litigation resulted in a jury verdict rendered pre-petition against the Debtor whereby the jury found the Debtor liable to the plaintiffs in the approximate amount of $1.8 million.

232.    On December 16, 2014, the Texas Court entered the Judgment.

233.    Each of the Litigation Creditors have filed proofs of claim against the Debtor's estate for amounts owing by the Debtor under the Judgment.

234.    The Judgment remains unsatisfied to date.

235.    The Debtor has not satisfied any amounts owed to the Litigation Creditors.

236.    The Debtor made the Equity Transfer while the Litigation was pending.

237.    The Shareholders and Unnamed Defendants did not provide fair consideration for the Equity Transfer.

238.    The Debtor did not receive fair consideration for the Equity Transfer.

239.    The Equity Transfer constitutes fraudulent conveyances in violation of New York State Debtor and Creditor Law § 273-a.

240.    Under Bankruptcy Code §§ 544(b) and 550 and New York State Debtor and Creditor Law § 273-a, the Plaintiff may avoid the Equity Transfer.

241.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 542, 544, 550 and 551 and New York State Debtor and Creditor Law §273-a, the Plaintiff is entitled to judgment against the Shareholders and/or Unnamed Defendants: (i) avoiding the Equity Transfer; and (ii) in an amount of the Equity Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

### TWENTY-SECOND CLAIM FOR RELIEF
#### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b) and 550 and New York Debtor and Creditor Law §273 against the Shareholders and Unnamed Defendants)

242.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "241" as if fully set forth herein.

243.    Within six years of the Petition Date, the Debtor made the Equity Transfer of property to, or for the benefit of, the Shareholders and/or the Unnamed Defendants.

244.    The Equity Transfer was made while the Debtor was insolvent.

245.    The Debtor did not receive fair consideration for the Equity Transfer.

246.    The Equity Transfer constitutes a fraudulent conveyance in violation of New York State Debtor and Creditor Law § 273.

247.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law §273, Plaintiff is entitled to a judgment against the Shareholders and/or Unnamed Defendants: (i) avoiding the Equity Transfer; and (ii) in an amount of the Equity Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

### TWENTY-THIRD CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b),
### 550 and 551 and New York Debtor and Creditor Law § 274 against the Shareholders
### and Unnamed Defendants)

248.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "247" as if fully set forth herein.

249.    Within six years of the Petition Date, the Debtor made the Equity Transfer of property to the Shareholders and/or the Unnamed Defendants.

250.    At the time of the Equity Transfer to the Shareholders and/or Unnamed Defendants, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in the possession of the Debtor after the Equity Transfer was unreasonably small capital.

251.    The Debtor did not receive fair consideration for the Equity Transfer.

252.    The Equity Transfer constitutes a fraudulent conveyance in violation of New York State Debtor and Creditor Law § 274.

253.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law §274, Plaintiff is entitled to a judgment against the Shareholders and/or Unnamed Defendants: (i) avoiding the Equity Transfer; and (ii) in an amount of the Equity Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

**TWENTY-FOURTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b),**
**550 and 551 and New York Debtor and Creditor Law § 275 against the Shareholders**
**and Unnamed Defendants)**

254.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "253" as if fully set forth herein.

255.    Within six years of the Petition Date, the Debtor made the Equity Transfer of property to the Shareholders and/or Unnamed Defendants.

256.    At the time of the Equity Transfer, the Debtor intended to, or believed that he would, incur debts beyond his ability to pay as they matured.

257.    The Debtor did not receive fair consideration for the Equity Transfer.

258.    The Equity Transfer constitutes a fraudulent conveyance in violation of New York Debtor and Creditor Law § 275.

259.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law § 275, Plaintiff may avoid each of the Equity Transfer and is entitled to a judgment against the Shareholders and/or Unnamed Defendants: (i) avoiding the Equity Transfer; and (ii) in an amount of the Equity Transfer, or other transfers revealed

through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

## TWENTY-FIFTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b), 550 and 551 and New York Debtor and Creditor Law § 276 against the Shareholders and Unnamed Defendants)

260.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "259" as if fully set forth herein.

261.    Within six years of the Petition Date, the Debtor made the Equity Transfer of property to Defendant.

262.    The Debtor made the Equity Transfer to the Shareholders and/or Unnamed Defendants with actual intent to hinder, delay or defraud the Debtor's creditors.

263.    The Equity Transfer constitutes a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

264.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law § 276, Plaintiff may avoid the Equity Transfer and is entitled to a judgment against the Shareholders and/or Unnamed Defendants: (i) avoiding the Equity Transfer; and (ii) in an amount of the Equity Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

## TWENTY-SIXTH CLAIM FOR RELIEF
### (Attorneys Fees Pursuant to 11 U.S.C. §§ 544(b), 550 and 551 and New York Debtor and Creditor Law § 276-a against the Shareholders and Unnamed Defendants)

265.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "264" as if set forth fully herein.

31

266.    The Equity Transfer was made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

267.    The Equity Transfer was received by Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

268.    The Equity Transfer constitutes a fraudulent transfer of the Debtor's assets in violation of New York State Debtor and Creditor Law § 276.

269.    By reason of the foregoing, the Plaintiff is entitled to a judgment against the Shareholders and/or the Unnamed Defendants, under New York State Debtor and Creditor Law § 276-a, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

## TWENTY-SEVENTH CLAIM FOR RELIEF
**(Unauthorized Post-Petition Transfer Pursuant to 11 U.S.C. §§ 549, 550 and 551 against the Shareholders and Unnamed Defendants)**

270.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "269" as if set forth fully herein.

271.    Upon information and belief, the Debtor made the Equity Transfer after the Petition Date (the "Post-Petition Equity Transfer").

272.    The Shareholders and/or the Unnamed Defendants are the individual and/or entity for whose benefit the Post-Petition Equity Transfer was made.

273.    The Post-Petition Equity Transfer was to the detriment of the Debtor's unsecured creditors, including the Litigation Creditors.

274.    The Post-Petition Equity Transfer was not authorized under section 303(f) or 542(c) of the Bankruptcy Code.

275.    The Post-Petition Equity Transfer was not authorized by the Bankruptcy Code.

276.    The Post-Petition Equity Transfer was not authorized by the Court.

277.    The Post-Petition Equity Transfer is an unauthorized post-petition transfer pursuant to section 549 of the Bankruptcy Code.

278.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 549, 550 and 551, Plaintiff is entitled to a judgment against the Shareholders and/or Unnamed Defendants: (i) avoiding the Equity Transfer; and (ii) in an amount of the Equity Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

### TWENTY-EIGHTH CLAIM FOR RELIEF
### (Unjust Enrichment against the Shareholders and Unnamed Defendants)

279.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "278" as if fully set forth herein.

280.    The Shareholders and/or Unnamed Defendants received or obtained the benefit of the Equity Transfer from the Debtor.

281.    The Shareholders and/or Unnamed Defendants did not provide the Debtor with consideration in exchange for the Equity Transfer.

282.    The Shareholders and/or Unnamed Defendants failed to return the Equity Transfer to the Plaintiff or the Debtor.

283.    It would be unjust to allow the Shareholders and/or Unnamed Defendants to retain the Equity Transfer because the Shareholders and/or Unnamed Defendants did not provide consideration to the Debtor in exchange for the Equity Transfer.

284.    By reason of the foregoing, the Plaintiff is entitled to an award against the Shareholders and/or Unnamed Defendants in an amount to be determined at trial, which amount is not less than the amount and value of the Equity Transfer, plus interest thereon from the date of

the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

## TWENTY-NINTH CLAIM FOR RELIEF
### (Injunctive Relief against Defendants and Unnamed Defendants)

285.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "284" as if set forth fully herein.

286.    Debtor's equity interests in Defendant Legend and Golden are property of the Debtor's estate.

287.    Upon information and belief, Defendants and Unnamed Defendants are attempting to sell the Debtor's equity interests.

288.    Upon information and belief, Defendants and Unnamed Defendants are attempting to sell Defendant Legend's and Defendant Golden's assets outside the ordinary course of business, which will materially affect the value of the Debtor's equity interest in Defendant Legend and Defendant Golden.

289.    The Debtor's estate will suffer irreparable injury if Defendants and Unnamed Defendants are permitted to sell the Debtor's equity interests, Defendant Legend's and/or Defendant Golden's assets outside of the ordinary course of business.

290.    Plaintiff is likely to prevail on the merits of its claims against Defendants and Unnamed Defendants based upon the allegations set forth herein and the facts of this case.

291.    The balance of hardships weighs decidedly in favor of the granting of injunctive relief as Defendants and Unnamed Defendants are attempting to sell the Debtor's equity interests, Defendant Legend's assets and/or Defendant Golden's assets outside of the ordinary course of business without informing, or obtaining authorization from, the Trustee or the Court.

292.    Consequently, Plaintiff seeks a permanent injunction and institution of a third party

operator preventing Defendants and the Unnamed Defendants from attempting to sell the Debtor's equity interests, Defendant Legend's assets and/or Defendant Golden's assets outside the ordinary course of Defendants' business.

293.    Pursuant to Bankruptcy Code §105, Bankruptcy Rule 7065, and Rule 65 of the Federal Rules of Civil Procedure, the Court may enjoin a party from proceeding with or continuing with, a course of conduct or practice which depletes, diminishes and/or effects property and/or diminishes the value of those assets or impairs Plaintiff's recovery efforts.

294.    By reason of the foregoing, Plaintiff is entitled to an order and judgment granting a permanent injunction and institution of a third party operator, plus costs and other fees, or such other amounts as to be proven at trial.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against Defendants and Unnamed Defendants and award the following relief:

i.        On the First Claim for Relief, declarations (a) that the Debtor's equity interests in Defendant Legend and Defendant Golden are valid and enforceable; (b) of the amount, nature and value of the Debtor's equity interests in Defendant Legend and Defendant Golden; and (c) that such equity interests are property of the Debtor's estate.

ii.        On the Second Claim for Relief, an accounting of the operations, assets, liabilities, revenues, expenses, profit and cash flow of Defendant Legend and Defendant Golden to enable Plaintiff to evaluate the amount, nature and value of the Debtor's equity interests.

iii.        On the Third Claim for Relief, a declaration that as of the Petition Date, the Debtor was the legal and equitable owner of Defendant Legend and Defendant Golden and imposing a legal and equitable lien upon Defendant Legend and Defendant Golden for the benefit of the creditors of the Debtor's estate.

iv.        On the Fourth Claim for Relief, a declaration that Defendant Golden is the alter ego of Defendant Legend.

v.        On the Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Fifteenth Claims for Relief, (i) avoiding the Asset Transfer; and (ii) in an amount of the Asset Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

vi.        On the Fourteenth Claim for Relief, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the avoidance of the Asset Transfer.

vii.        On the Sixteenth Claim for Relief, in an amount to be determined at trial, which amount is not less than the amount and value of the Asset Transfer, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

viii.        On the Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth and Twenty-Seventh Claims for Relief, (i) avoiding the Equity Transfer; and (ii) in an amount of the Equity Transfer, or other transfers revealed through discovery, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amount as may be determined by the Court.

ix.        On the Twenty-Sixth Claim for Relief, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the avoidance of the Equity Transfer.

x.        On the Twenty-Eighth Claim for Relief, in an amount to be determined at trial, which amount is not less than the amount and value of the Equity Transfer, plus interest thereon

from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

xi.        On the Twenty-Ninth Claim for Relief, a preliminary injunction, permanent injunction and institution of a third party operator, plus costs and expenses, including attorneys' fees, or such other amounts as to be proven at trial;

xii.        On all claims, awarding pre- and post- judgment interest, costs and disbursements as allowed by law;

xiii.        On all claims, awarding attorneys' fees as allowed by law;

xiv.        On all claims, allowing punitive damages, as allowed by law; and

xv.        On all claims, awarding such other and further relief as may appear just and proper.

Dated: May 26, 2016
       Wantagh, New York            **LAMONICA HERBST & MANISCALCO, LLP**
                                    Counsel to Gregory Messer, Chapter 7 Trustee of
                                    the Estate of Xiang Yong Gao

                                    By:    *s/ Gary F. Herbst*
                                           Gary F. Herbst, Esq.
                                           A Member of the Firm
                                           3305 Jerusalem Avenue, Suite 201
                                           Wantagh, New York 11793
                                           Telephone: (516) 826-6500